UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KEITH SMITH, | \* |
| JENNIFER SMITH, | \* |
| | \* |
| Plaintiffs, | \* |
| | \* |
| -- vs. -- | \* CIVIL ACTION |
| | \* |
| HARTFORD FIRE INSURANCE COMPANY, | \* |
| | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFIED COMPLAINT

## PLAINTIFFS' DEMAND FOR TRIAL BY JURY

KEITH SMITH and JENNIFER SMITH, herein after, jointly and severally, the "Plaintiffs", through their counsel of record, Attorney Joseph S. Provanzano, allege as stated herein after.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

## THE PARTIES

1.] The Plaintiffs are KEITH SMITH and JENNIFER SMITH, who are adult Massachusetts citizens, residing, at all times relevant, at 32 Frisbie Road, in Marshfield, Massachusetts, Plymouth County, 02050, herein after also the "Property". The Plaintiffs purchased, and paid for, a Policy Of Insurance from the Defendant identified as a Flood Insurance Policy. Exhibit 12.

2.] The Defendant, HARTFORD FIRE INSURANCE COMPANY, holds itself out to be a corporation authorized to do business and licensed to and has been conducting business as

an insurance carrier within the Commonwealth of Massachusetts. The Defendant has a principal place of business in the state where it was incorporated being at 1 Hartford Plaza, in Hartford, Connecticut. The Defendant sold a Policy Of Insurance to the Defendants identified as a Flood Insurance Policy. The Defendant's mailing address is to The Hartford Fire Insurance Company, c/o Hartford Company Of The Midwest, P.O. Box 913385, Denver, CO 80291-3385.

## JURISDICTION AND VENUE
## NATURE OF THE CASE

3. ]    This Jurisdiction for this action is brought pursuant to 42 U.S.C. 4072, 44 C.F.R. 66.22; 44 C.F.R. 62.23.

4. ]    Jurisdiction in this matter is also based upon diversity of citizenship, pursuant to 28 U.S.C., section 1332. The Defendant is a corporation incorporated under the laws of the State of Connecticut.

5. ]    Massachusetts General Laws, Chapter 93A.

6. ]    Massachusetts Common Law.

7. ]    The Defendant sold to the Plaintiffs a Policy Of Insurance identified as a Flood Insurance Policy, herein after also the "Policy", as the Plaintiffs' Property was identified as being in a flood zone and/or district, causing the Policy to be mandatory, so as to protect the Plaintiffs from flood water damage to the Property. The Defendant denied the claims of the Plaintiffs, who alleged to have damages that were the result from a surge, flood, of water damaging the Property. Exhibits 1, 4, 15.

8. ]    Venue is appropriate under 28 U.S.C., section 1391, as the Defendant does business in the judicial district of this Court and the events and/or omissions stated herein give rise to the claims occurred in this judicial district.

**VERIFIED COMPLAINT**

## NATURE OF THE RELIEF SOUGHT

9. ] As a result of the conduct set forth in this Verified Complaint, the Plaintiffs seek damages arising from the failure of the Defendant to make payment of the claims of the Plaintiffs via said Policy.

10. ] The Plaintiffs seek relief that this Court Declare and Order that the claims of the Plaintiffs be covered via the Policy Of Insurance issued by the Defendant, including that the damages and claims made by the Plaintiff be determined to be covered claims and paid.

11. ] The Plaintiffs seek all expenses and costs to repair the damages, as stated herein after, including all costs to maintain this action, including reasonable attorney fees and multiple damages.

12. ] All legal expenses, including reasonable attorney fees, incurred by the Plaintiffs in this litigation, as well as damages as allowed by Massachusetts General Laws, Chapter 93A, including double or triple damages.

## STATEMENT OF THE FACTS
## STATUTORY FRAMEWORK FOR MASSACHUSETTS
## FLOOD INSURANCE CLAIMS

13. ] The Plaintiffs presented their claims to the General Manager, Claims, The Hartford Fire Insurance Company c/o Hartford Company Of The Midwest, P.O. Box 913385, Denver, CO 80291-3385 and to General Manager, Claims, The Hartford Fire Insurance Company c/o Insurance Agency, 963 Eastern Avenue, Malden, MA 02148, as concerns Policy Number 87053096962019 / 8705309696. Exhibits 1, 4, 11, 15.

14. ] The Plaintiffs made claim to the Defendant including the following allegations and Exhibits: Exhibit 1, 4, 11, 15.

---

**VERIFIED COMPLAINT**

Monday, March 18, 2024

      This correspondence is submitted to you . . . as a **DEMAND LETTER**, in part, pursuant to the provisions of Massachusetts General Laws, Chapter 93A. You entered into an **INSURANCE CONTRACT**, a Contract for Flood - Water Damage, at which time, you made certain warranties and representations upon which they relied upon in order to have them purchase the Policy issued by you to cover water damages, as their home resides in a flood zone. The Policy was represented as being purchased to cover water damages that enter the Property from outside, via the ground. Instead of coverage being provided, as warranted and represented, as concerns the water damages referenced herein, you have demanded and imposed conditions that you know or should know they cannot now comply with. Had they been advised that these terms and conditions would have been imposed upon them, they would have taken steps to comply, but after the fact, it simply is not possible. Accordingly, you breached the terms and conditions represented, which you knew or should have known would take place, along with the fact that you knew or should have known from your transactions would result in their not being able to present a claim that would be honored.

      These failures to do as warranted and represented constitute unfair and/or deceptive business acts or practices as envisioned and as defined within Massachusetts General Laws, Chapter 93A. These actions fit a pattern of abuse prohibited by Massachusetts General Laws, Chapter 93A.

      The Insureds are Mrs. Jennifer Smith and Mr. Keith Smith, who reside, at all times relevant, at 32 Frisbie Road, in Marshfield, Plymouth County, Massachusetts, which property is their principal residence, and which is insured by The Hartford Fire and Insurance Company, via their Policy Number # 87053096962019 / # 8705309696.

      On or about January 26, 2023, the lower level of their residence was flooded, with water entering via the foundation, from the water that flooded their Property, all due to very heavy rains that came into the lower level, damaged the walls, carpeting and furniture. The water came into the structure and the walls held the water to a level of about two [2] feet to about three [3] feet above the foundation, more or less. The rain was heavy for a number of days, flooding the local areas, the roads, the land and eventually into the residence. Other residents in the area had reported similar flooding and you have received all of the documents comprising their claim.

      The claim was denied on or about March 21, 2023, leaving the claim amount outstanding of about $ 26,500.00, as demonstrated by the Claim Documents provided and as estimated by True Blue Total House Care Company.

      As you may recall, you DEMANDED that they MUST purchase, pay for, and maintain a National Flood Insurance Program, [NFIP], flood insurance policy for Seven [7] years. Now, as part of the claim denial, we are told that in part, to get a paid claim, that the water would have to enter into the level that is not the lower level, which would mean that to reach the first [1 st.] Floor the water level would have to rise to about seven [7] feet, more or less. This is simply not a realistic term and/or condition and it was never disclosed.

---

**VERIFIED COMPLAINT**

The claims adjuster did not present a reason for your Denial, as the adjuster merely indicated that he advised the insurer that he could not present *evidence of a General Condition of Flooding [GCF] at the premises on or about the reported date of loss.* He ignored the serious water levels remaining on the property, soaking the carpeting, the furniture and the walls and ignored totally the general water conditions in the neighborhood. They were not given the opportunity to present any further evidence to support their claim, although it seems that any reasonable person would be at a loss as to exactly how they were supposed to be able to present photographs of water in the streets, as they were never advised to obtain such evidence while the opportunity to do so existed, nor does their Policy Of Insurance advise or require that they take such photographs. They were advised that this was the main reason for the Denial being issued. There seems to be little doubt or denial that on January 26, 2023, there was evidence of the actual General Condition of Flooding at our residence, at 32 Frisbie Road, Marshfield, Massachusetts.

In part, along with the opinions of those that witnessed the water damage, that obviously came from the rains entering the property from the ground and then into the residence, that there was a General Condition of Flooding. The residence was inundated with water from the South River that overflowed into the property where we reside. Others in the neighborhood had similar flooding, which would, in fact, be considered a flood according to the NFIP.

This street water immersed my land and poured in from all sides, as witnessed by numerous neighbors, and others. They provided, as samples, two [2] letters from neighbors stating that their properties were also affected by the same flood water and on the same date. They were close in proximity. If this were not enough to sustain their claim, on January 25, 2023 the Coastal Hazard Message from the National Weather Service was issued and on January 26, 2023, a Flood Watch Message from the National Weather Service, was issued. On January 26, 2023, Rain and a chance of snow in Mass. Continues Thursday was issued as a newspaper article, as was as coast still on flood watch news article, January 25, 2023, Storm Coordination Message #1 - Wednesday Afternoon 1/22/23-Thursday 1/26/23 Coastal Winter Storm Hazards news article, NWS Boston 1/25/23-1/26/23 What forecasters are saying about the timing and impacts of the snow, wind, and rain, news articles, January 25, 2023, In the second storm of the week, expect snow first, then rain and gusts, in Massachusetts. News article, All Pro Restoration Estimate for Clean Up, Photos of the water damage, and Estimate for flood repairs.

On January 25, 2023, there was a Coastal Hazard Message issued by the National Weather Service for Plymouth County. There were heavy rains, with strong winds, and some snow falling in the neighborhood on the day listed above. On January 26, 2023, there was a Flood Watch Message issued by the National Weather Service for my county as well. Impacts from this Flood Watch Message included.... *"excessive runoff may result in flooding of rivers, creeks, streams, and other low-lying and flood-prone locations "....* Additional Details on this Flood Watch Message included.... *"Small rivers, streams, and creeks will continue to rise due to the rainfall which has already fallen, and the additional rainfall this morning"......*

---

**VERIFIED COMPLAINT**

On January 26, 2023, around 7 p.m., Mr. Smith observed water gushing into all sides of the lower structure of the Property from water traveling on the ground, all along the floor of the basement. As it was evening, and it was very dark outside, it was very difficult to see what was going on in detail. As Mr. Smith and Mrs. Smith went outside to investigate, they saw the street submerged in water, the water running over their land, and they realized they were in a flood emergency. Immediately, Mr. Smith focused diligently on trying to minimize the damage, preventing possible mold, and getting rid of the water in the basement. Mrs. Smith focused on trying to locate/contact a clean up company to come as soon as possible, as the flood was extensive and wide-ranging. At this time, they were solely concentrated on saving their property from further destruction, rather than taking pictures of a dark flooded street and the surrounding flooded land.

The All Pro Restoration Company came the next day and had to begin an emergency clean up, as soon as possible, to prevent further damage. Moisture readings determined that the flood water had been absorbed into and up the walls of the basement, and therefore, the wet walls had to be removed. The flood water destroyed the carpet, and the carpet had to be removed. The clean up process took several days with multiple pieces of equipment needed to dry the basement satisfactorily. The water damage, clean up, and pictures are detailed in the All Pro Restoration estimate.

Mr. And Mrs. Smith found that in spite of their efforts that the flood waters were overcoming their efforts. Mr. Michael Duffy, the FEMA Field Claims Adjuster, came to the home on February 13, 2023, to view the damage to the property. He surveyed the downstairs alone for about one-half [1/2] hour, more or less. He said that he took measurements and photographs of the damage. He stated that the Policy covered the dry wall. He said he would e-mail them, as Mr. Smith was not present and there were forms he needed to be filled out, signed, and returned.

Mr. and Mrs. Smith received only a Flood Questionnaire to sign and return to the adjuster. The adjuster referenced that a "Proof of Loss" document for FEMA had to be signed, but, in spite of repeated requested, he never provided one. Mr. Duffy was asked if the Flood Questionnaire was the same document as the Proof of Loss, but he never responded. The adjuster stated in his March 15, 2023 that *"I'll need your information a few days before that to put your file together and get it approved by my reviewer."* These words led them to believe that their claim was moving forward and would be approved soon.

The Smiths did not submit any additional evidence to this adjuster, as they were not advised that they could do so or what could be provided or required. When he was at their home, he was advised that if anything else was ever requested, please so advise. All communication ended with the adjuster after his March 15, 2023 e-mail. All of the damages claimed by them were previously provided to you.

All of the available evidence was submitted during the Appeal of the Denial, but if you believe that you might be missing any of the evidence, please so advise and it will be provided timely.

**VERIFIED COMPLAINT**

In acting as stated herein above, you have failed to comply with the mandates of Massachusetts General Laws, Chapter 93A. Violations thereof are viewed as unfair or deceptive settlement practices, which may entitle them to multiple damages, double or triple damages, plus costs and reasonable attorneys fees. If any amount is awarded to them, attorney fees shall be awarded. Massachusetts General Laws, Chapter 93A was implemented to provide remedies previously unavailable at Common Law. If you are determined to have engaged, even unintentionally, in unfair or deceptive practices and/or acts, you are liable not only for the damages resulting from this conduct, but costs and reasonable attorney fees incurred by the wronged party. If you are found to have knowingly and intentionally committed unfair or deceptive practices and/or acts, you may be assessed double or treble damages, plus costs and reasonable attorneys fees.

A practice or act will be unfair under Massachusetts General Laws, Chapter 93A, Section 2, if it is within the penumbra of a common law, statutory, or other established concept of unfairness; immoral, unethical, oppressive, or unscrupulous; or causes substantial injury. Morrison v. Toys "R" Us, Inc., 441 Mass. 451, 457 [2004]; Heller Fin. v. Insurance Co. of N. Am., 410 Mass. 400, 408 [1991]. In determining whether an act or practice is deceptive, regard must be had, not to fine spun distinctions and arguments that may be made in excess, but to the effect which it might reasonably be expected to have on the alleged injured party. Leardi, et. al., v. Brown, 394 Mass. 151, 156 [1985]; P. Lorillard Co. v. FTC, 186 F. 2d. 52, 58 [4 th. Cir. 1950]. Further, technicalities are not to be read into the statute in such a way as to impede the accomplishment of substantial justice. Leardi, 394 Mass. at 159; Baldassari v. Public Fin. Trust, 369 Mass. 33, 41 [1975].

In deciding whether a certain practice is unfair under Massachusetts General Laws, Chapter 93A, the nature of the challenged conduct and the purpose and effect of that conduct are the crucial factors. Massachusetts Employers Insurance Exchange v. Propac-Mass., Inc., 420 Mass. 39, 42-43 [1995]; Meyer v. Wagner, 429 Mass. 410, 423 [1999]. The Plaintiff is entitled to recover for all losses which were the foreseeable consequences of the defendant's unfair or deceptive act or practice. Hopkins v. Liberty Mutual Ins. Co., 434 Mass. 556, 567, n. 17 [2001]; DiMarzo v. Am. Mut. Ins. Co., 389 Mass. 85, 101 [1983]. This may even include emotional distress. Haddad v. Gonzalez, 410 Mass. 855 [1991]; Simon v. Simon, 385 Mass. 91, 95 [1982].

A **Demand Letter** is sufficient where compensation owed for the injury complained of was apparent from the facts alleged. Brandt v. Olympic Constr., Inc., [1983] 16 Mass. App. 913, 915, 449 N.E. 2d. 1231; Spring v. Geriatric Authority Of Holyoke, 394 Mass. 274 [1985]; Cassano v. Gorgos, 20 Mass. App. [1985]. Under Massachusetts General Laws, Chapter 93A, Section 9, the Plaintiff has to prove the delivery of an adequate **Demand Letter**, which is not a requirement for non consumer matters. Boston vs. Aetna Life Ins. Co., 379 Mass. 569, 574 [1987]; Ricky Smith Properties, Inc., vs. Subaru of New England, Inc., 14 Mass. App. Ct., 369, 432 n. 42 [1982]. The deceptive practices claimed will be proved, at a hearing or trial. Esther Entrialgo vs. Twin City Dodge, Inc., 368 Mass. 897, 813 [1975]; at which in non commercial matters the **Demand Letter** is a requirement. Stanley vs. Westwood Auto, Inc., 368

**VERIFIED COMPLAINT**

Mass. 668, 704 [1975], which this is and which has reasonable specificity as to the allegations. Gilleran, The Law of Chapter 93A, 201 [1989]; Heller vs. Silver Branch Construction Corp., 376 Mass. 621, 627 [1978]; Entriaglo vs. Twin City Dodge, Inc., 368 Mass. 812, 813 [1975]; Mackenzie vs. Auto Supermarket, Inc., 1988 Mass. App. Div. 5, 7 [1988]; Thorpe vs. Mutual of Omaha Ins. Co., 984 F. 2d. 541 [1 st. Cir. 1993]; Spring vs. Geriatric Authority of Holyoke, 394 Mass. 274, 288 [1985]. Exhibit 12, 15.

15. ] The Defendant sells flood insurance policies of insurance, as authorized by the Federal Emergency Management Agency, herein after also "FEMA", in the Commonwealth of Massachusetts. Under FEMA's rules, regulations and/or guidelines, the Defendant is the party responsible for the payment and/or denial of claims and FEMA does have an Appeal Procedure, which the Plaintiffs went through unsuccessfully. Exhibit 12.

16. ] Under the Policy, the Plaintiffs were obligated to submit their claims and cooperate with the insurance adjuster, which they did. Exhibit 1, 4, 5, 11, 15.

17. ] When the Defendant denied the claims, the Plaintiff filed an Administrative Appeal with FEMA and FEMA affirmed the denial, in part, indicating that the Plaintiffs did not have photographs of the streets during the claimed flooding. Exhibit 1, 4.

18. ] As an insurer doing business in the Commonwealth Of Massachusetts, the Defendant is subject to Massachusetts General Laws, Chapter 93A and a demand was made to the Defendant which did not result in an offer of settlement.

## COUNT I

19. ] The Defendant intentionally, knowingly, fraudulently, negligently and/or with an intent to deceive and deprive the Plaintiffs of the benefits claimed under the Defendant's Policy Of Insurance.

20. ] The Defendant called upon the Plaintiffs, well after the event in issue, to produce photographs of the water in the streets at the time of the loss, although never informing the

**VERIFIED COMPLAINT**

Plaintiffs that if a claim were to ever arise that photographs of water in the streets would be required to proceed.

21. ] The Defendant ignored that Affidavits, Evidence and Exhibits presented by the Plaintiffs.

22. ] As a result of the actions of the Defendant, the Plaintiffs suffered damages, incurred costs, expenses and reasonable attorney fees.

**WHEREFORE,** the Plaintiffs, respectfully request that this Honorable Court grant them the following relief: a. ] Enter judgment in favor of the Plaintiffs awarding the Plaintiff's all damages incurred, including costs, interest and reasonably attorney fees; b. ] Such other and further relief as is just fair and equitable; and c. ] Any and all relief this Court deems just and proper.

## COUNT II

23. ] The Defendant's actions constitute a breach of contract.

24. ] As a result of the actions of the Defendant, the Plaintiffs suffered damages, incurred costs, expenses and reasonable attorney fees.

**WHEREFORE,** the Plaintiffs, respectfully request that this Honorable Court grant them the following relief: a. ] Enter judgment in favor of the Plaintiffs awarding the Plaintiff's all damages incurred, including costs, interest and reasonably attorney fees; b. ] Such other and further relief as is just fair and equitable; and c. ] Any and all relief this Court deems just and proper.

## COUNT III

25. ] The Defendant's actions constitute a violations of Massachusetts General laws, Chapter 93A.

---

**VERIFIED COMPLAINT**

26. ]   The actions of the Defendant were intentional and done knowing violations.

27. ]   The Plaintiff sustained a loss of money or property as a direct and proximate result of the unfair and deceptive acts of the Defendant.

28. ]   As a result of the actions of the Defendant, the Plaintiffs suffered damages, incurred costs, expenses and reasonable attorney fees.

**WHEREFORE**, the Plaintiffs, respectfully request that this Honorable Court grant them the following relief: a. ] Enter judgment in favor of the Plaintiffs awarding the Plaintiff's all damages incurred, including costs, interest and reasonably attorney fees; b. ] Multiple damages, double or triple damages, c. ] Such other and further relief as is just fair and equitable; and c. ] Any and all relief this Court deems just and proper.

## COUNT IV

29. ]   Massachusetts General Laws, chapter 93A, provides that a party who has suffered damages as a result of another party's unfair and deceptive business practice, may bring an action by way of original complaint for damages, and such equitable relief as the Court deems to be necessary and proper.

30. ]   As a result of the actions of the Defendant, the Plaintiff seeks relief that this Honorable Court Order that the Defendant not deny the claims of the Plaintiff and/or that the amount due the Plaintiffs be paid as a covered loss.

28. ]   As a result of the actions of the Defendant, the Plaintiffs suffered damages, incurred costs, expenses and reasonable attorney fees.

**WHEREFORE**, the Plaintiffs, respectfully request that this Honorable Court grant them the following relief: a. ] Enter judgment in favor of the Plaintiffs awarding the Plaintiff's all damages incurred, including costs, interest and reasonably attorney fees; b. ] Multiple damages,

**VERIFIED COMPLAINT**

double or triple damages, c. ] Such other and further relief as is just fair and equitable; and c. ] Any and all relief this Court deems just and proper.

## COUNT V

29. ] The Defendant sold the Policy after their agents, servants, employees and/or authorized agents warranted and represented that the Policy was necessary and required due to the location of the Property and the eventuality that water would flood into the Property as happened a product whose warnings fell below the standard of care. The Plaintiffs were expressly warranted that the Policy was to protect the Plaintiffs' Property from flooding waters.

30. ] The Defendant's agents, servants, employees and/or authorized agents knew or should have known that these warranties and representations were not true or complete as the Policy would be processed in such a way as to make claims difficult to present and process.

31. ] The Defendant's action were a proximate cause of the damages to the Plaintiffs.

**WHEREFORE,** the Plaintiffs, respectfully request that this Honorable Court grant them the following relief: a. ] Enter judgment in favor of the Plaintiffs awarding the Plaintiff's all damages incurred, including costs, interest and reasonably attorney fees; b. ] Multiple damages, double or triple damages, c. ] Such other and further relief as is just fair and equitable; and c. ] Any and all relief this Court deems just and proper.

        Respectfully submitted,
        Keith Smith,
        Jennifer Smith,
        By Their Attorneys,
        Signature Valid Joseph S. Provanzano, Esquire
        Digitally Signed By Joseph S. Provanzano, Esquire
        DN CN = Joseph S. Provanzano, Esquire C = US
        Date : 2024.03.18.24 04:30:02 -05'00'

        /s/ Joseph S. Provanzano, Esquire
        Joseph S. Provanzano, Esquire

**VERIFIED COMPLAINT**

BBO # 407400
**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**
16 Bourbon Street, Suite C
Peabody, MA 01960-1545

Telephone. : [978] 535 - 8222
Date :Monday, March 18, 2024
File : P09-3373
Email : JP@JOEPROLAW.com

## VERIFICATION OF COMPLAINT

We, Keith Smith and Jennifer Smith, being the above referenced Plaintiffs, hereby Verify that we have read the Verified Complaint to which this Verification is attached, including the Exhibits attached thereto, and the allegations as stated therein are based upon our own personal knowledge and are true and correct as stated. To the extent that any allegation is stated to be based upon belief, we reasonably believe them to be true as stated. The Exhibits are true and correct copies of the originals.

Signed and sealed under oath and under the pains and penalties of perjury as of this Monday, March 18, 2024 by:

Signed: _____
Keith Smith

Signed: _____
Jennifer Smith

---

**VERIFIED COMPLAINT**

# EXHIBITS

Exhibits 1 - Claims Appeal Letter - Pages 27 to 30
Exhibits 2 - Legal Precedent - Pages 32 - 32
Exhibits 3 - NFIP Coverage - Two Pages
Exhibits 4 - Claims Denial Letter - Pages 38 - 41
Exhibits 5 - Communications - Page 43 -46, 9 -25
Exhibits 6 - Truble Estimate - Pages 48 -49
Exhibits 7 - Neighbors Letters - Page 51
Exhibits 8 - Weather Alerts - Pages 53 - 54
Exhibits 9 - News Stories - Pages 56 -74
Exhibits 10 - All Pro Estimate - Pages 77 - 85
Exhibits 11 - Evidence Of Damages - Pages 87 -148
Exhibits 12 - Insurance - Pages 149 - 188
Exhibits 13 - Weather Alerts - Four Pages
Exhibits 14 - Zone Maps - Pages 189 -192
Exhibits 15 - Demand Letters - Fourteen Pages

**VERIFIED COMPLAINT**